UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sanghoon Hahm<br><br>           Plaintiff,<br>    v.<br><br>Sam Hak Food Corp., Ja Kwan Koo, and Elizabeth Kwon<br><br>           Defendants. | Index No. 18-cv-8270<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sanghoon Hahm, through his attorneys, for his Complaint against Sam Hak Food Corp., Ja Kwan Koo and Elizabeth Kwon ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants did not pay Plaintiff overtime compensation. Plaintiff further alleges that Defendants' failure to pay overtime wages was willful and intentional.

2.      Also, Plaintiff seeks the judgment of this Court against Defendants for relief permitted under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA").

1

## THE PARTIES

3. Plaintiff was at all times relevant hereto employee of Defendants.

4. Plaintiff was at all times relevant hereto individual employed in the State of New Jersey by Defendants.

5. Plaintiff had at all times relevant hereto resided in the State of New Jersey.

6. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NJSA, NJAC and the implementing rules and regulations of the FLSA and NJSA.

7. Plaintiff is filing this FLSA claim as an individual action for himself.

8. For the period commencing on or about June 5, 2017, until October 6, 2017, Plaintiff Sanghoon Hahm regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants eight (8) hours per day and over forty (40) hours per week.

9. Plaintiff was paid $2,193.00 per every other week and never received overtime wage.

10. Plaintiff performed work for Defendants the said hours worked as an express condition of his continued employment.

11. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

12. Plaintiff performed manual labor for Defendants.

13. Plaintiff was assigned to the said manual labor by Defendants.

14. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

15. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

16. Plaintiff was required to report to work for Defendants at a certain time.

17. Plaintiff could not set his own hours of work for Defendants.

18. Defendants are and were at all relevant times hereto engaged in the business of Wholesale Food Company.

19. Defendants are and were at all relevant times hereto engaged in the interstate commerce.

20. Defendants, Ja Kwan Koo managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

21. Defendants, Ja Kwan Koo and Elizabeth Kwon participated in and approved of the unlawful pay practices of the business at Hillside in New Jersey.

22. Defendants, Ja Kwan Koo and Elizabeth Kwon were involved in assigning work to Plaintiff.

23. Defendants, Ja Kwan Koo and Elizabeth Kwon had the power and authority to discipline Plaintiff.

24. Defendants, Ja Kwan Koo and Elizabeth Kwon exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

25. Defendants, Ja Kwan Koo and Elizabeth Kwon hired Plaintiff.

26. Defendants, Ja Kwan Koo and Elizabeth Kwon were in charge of paying employees.

27. Defendants, Ja Kwan Koo and Elizabeth Kwon told Plaintiff where to work and when to work.

28. Defendants employed Plaintiff to do work for them in the States of New Jersey, New York, Maryland and the Commonwealth of Virginia.

29. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

30. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

31. Defendants held Plaintiff out as an employee.

32. Defendants employed and paid Plaintiff as their employee.

33. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

34. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

35. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

36. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

39. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

40. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

41. Defendant Sam Hak Food Corp. is a New Jersey corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42. Upon information and belief, Sam Hak Food Corp. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

43. Upon information and belief, Defendant Sam Hak Food Corp., at all relevant times, was an employer as defined by FLSA and N.J.S.A.

44. Defendants, Ja Kwan Koo and Elizabeth Kwon are citizens and residents of Bergen County and are the manager and the President, respectively, of Defendant Sam Hak Food Corp.

45. Plaintiff had previously filed a complaint with New Jersey Department of Labor for a portion of overtime hours he performed while working within the boundaries of the state of New Jersey. While Defendant did make payment shortly after the complaint was filed, plaintiff did not receive all of overtime wages owed to him when he worked overtime hours outside the boundaries of the state of New Jersey.

## JURISDICTION AND VENUE

46.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

47.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

48.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq*.

49.     For the period commencing on or about from June 5, 2017, until October 6, 2017, Plaintiff Sanghoon Hahm regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

50.     During his employment with Defendants, Plaintiff was paid $2,193.00 per every other week regardless of the hours he worked in a day or a week.

51.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

52.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

53.     Plaintiff filed a claim with Department of Labor and Workforce Development

with case number WC-1356-1217-HUM. And through this process, Defendants paid Plaintiff some portion of his unpaid overtime wage.

54.      During the course of their employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

55.      Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

56.      Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

57.      Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

58.      Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

59.      Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of N.J.S.A. - Overtime Wages

60.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

61.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

62.     The matters set forth in this Count arise from Defendant's violation of the overtime wage compensation provisions of the N.J.S.A. 34:11-56.

63.     Pursuant to N.J.S.A. 34:11-56a4, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

64.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

65.     Defendants violated the NJSA overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

66.     Defendants willfully violated the NJSA overtime wage law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in

excess of forty (40) hours per week.

## COUNT III
### Retaliatory Discharge against NJ CEPA

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Plaintiff, at all times during his employment with Defendants, has performed his duties in a competence, thorough manner. He has no significant disciplinary history and had never been suspended from his duties.

### Sam Hak Food, Corp. and Ja Kwan Koo

69. Defendant Sam Hak Food, Corp is a New Jersey corporation and it supplies produces to Korean grocery stores in New York, Maryland, Virginia and New Jersey.

70. Defendant Ja Kwan Koo was the General Manager who substantially managed the company.

71. Soon after Plaintiff started his work for Defendants, Plaintiff found out that defendant Koo was directing his employees to perform what appears to be illegal activities.

72. Koo directed his employees to trick food quantities on the food labeling "Nutrition Facts" willfully to reduce the production cost. He directed his employees to add vegetable oil in "sesame oil" product and affixed the food labeling as "pure sesame oil." Koo also directed to falsify the marking of the country of origin of products. For instance, Koo directed employees to affix sesame seeds imported from country of India with a label that shows the country of origin as "Made in USA."

73. When employees took issues with making sesame oil with sesame seeds with strong chemical odor, Koo disregarded the employees' objection and directed the employees to proceed with production of the sesame oil.

74. As soon as Plaintiff learned of these practices, Plaintiff complained to Koo and expressed concern about health and safety of the consumers of the defendant's product. Plaintiff expressed his concern in verbally to Koo and other supervisors and managers.

75. However, Koo disregarded Plaintiff's objection and advised him to just do as Koo directed. After Plaintiff voicing his objections repeatedly Mr. Koo started retaliating in various ways.

76. Within two weeks of being employed, the plaintiff was demoted from his previous post. Later, Plaintiff was transferred to the logistics department. About a month after that, he was moved to the accounting department. Within a month and a half, he was again transferred to sales department and was asked to travel long distance to Virginia and Maryland.

77. Throughout the terms of his employment, plaintiff continued let the management know of his objection of the company's illegal conduct.

78. Eventually, plaintiff was terminated by the company on October 6, 2017.

*79.* Defendant's actions against Plaintiff, including disciplinary actions and suspensions, as well as Defendants' termination of Plaintiff, as outlined above, are in retaliation for Plaintiff's whistle-blowing activities described herein, in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et *seq.*

80. Plaintiff engaged in "whistle-blowing" activities in that he disclosed and objected to, and/or refused to participate in, Defendants' conduct which he reasonably believed was in violation of law and/or public policy, and/or rules or regulations

promulgated pursuant to law and/or public policy, was fraudulent, and/or negatively impacted the health, safety, and welfare of the public. In retaliation for his whistleblowing activities, Plaintiff suffered adverse employment action(s) and other retaliatory and harassing acts at the hands of Defendants, as outlined above, Defendants created and continues to create, a hostile work environment against Plaintiff in retaliation for his whistleblowing activities.

81. Defendants' adverse employment actions and harassment against Plaintiff was without any legitimate and/or lawful purpose. The purported rationale for Defendants' adverse employment actions were pre-textual and were advanced to mask Defendant's retaliatory intent.

82. Defendants' harassing and retaliatory actions against Plaintiff constitute violations of CEPA.

83. As a result, Plaintiff's statutory rights have been violated and his protections under the law have been eviscerated.

84. Plaintiff has suffered damages resulting in the termination of employment, repeated demotions of positions, loss of compensation and benefits, loss of earning power, the loss of opportunities for prospective employment, the loss of fringe benefits, and is incurring legal expenses and other expenses as a result of Defendants' actions.

85. The foregoing actions were knowing, willful and deliberate violations of law and deprivations of Plaintiff's statutory and civil rights, and Plaintiff is entitled to punitive damages under applicable law.

**WHEREFORE**, Plaintiff, respectfully requests that this court enter a judgment providing the following relief:

a)  Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New Jersey Labor Law;

d)  An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e)  An award of unpaid overtime wages due under FLSA and New Jersey Labor Law;

f)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

g)  Awarding Plaintiff damages, including, but not limited to, equitable, punitive and compensatory damages on all lost benefits, wages, and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, the adverse tax consequences of a lump sum award, and other benefits with

respect to Plaintiff's employment, and noneconomic damages for emotional distress, together with both pre-judgement and post-judgement interest and attorneys' fees and costs of court for Defendant's violations of Plaintiff's civil rights;

h) Awarding Plaintiff damages, including, but not limited to, equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, the adverse tax consequences of a lump sum award, and other benefits with respect to Plaintiff's employment, and noneconomic damages for emotional distress, together with both pre-judgement and post-judgement interest and attorneys' fees and costs of court with regard to hostile work environment, retaliation, disparate treatment, and with regard to adverse employment action(s) and other retaliation and harassment as a result of Plaintiff's whistle-blowing activities;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and N.J.S.A.

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

m) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: April 24, 2018

                                                           /s/ Ryan Kim
                                              Ryan J. Kim

                                              Ryan Kim Law
                                              163-10 Northern Blvd. Suite 205
                                              Flushing, NY 11358
                                              Attorney for Plaintiff